PROB 12 (Rev. 11/1/2004)

FILED BY CLERK OF COURT

RECEIVED
AUG 23 2007
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# United States District Court

**for the**

**DISTRICT OF MINNESOTA**

**United States v. Irene Ann Weiss**

**Docket No. 0:01CR00200-002(DSD)**

**Petition on Supervised Release**

COMES NOW **Joan L. White**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Irene Ann Weiss** who was sentenced for First Degree Burglary and Assault with a Dangerous Weapon on September 6, 2002, by the Honorable David S. Doty, who fixed the period of supervision at 3 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

Abstain from alcohol and not to enter establishments where alcohol is sold; drug and alcohol aftercare; financial disclosure; no contact with victim; no new credit; and DNA testing

30 days remote alcohol monitoring program (modified July 18, 2007, for marijuana and alcohol use)

30 days remote alcohol monitoring program to follow the 30 days ordered on July 18, 2007, for a total of 60 days (modified August 2, 2007, for marijuana use and missed drug test)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

MANDATORY CONDITION: The defendant shall refrain from any unlawful use of a controlled substance.

SPECIAL CONDITION: The defendant shall participate in a program for drug alcohol abuse at the direction of the probation officer. That program may include testing and inpatient or outpatient treatment, counseling, or a support group.

On July 25, 2007, the defendant failed to report for a scheduled drug test. On August 3, 2007, the defendant submitted a drug test which tested positive for marijuana.

SPECIAL CONDITION: The defendant shall participate in a remote alcohol monitoring program for a period of 30 days. This is in addition to the 30 days remote alcohol monitoring program ordered on July 18, 2007, resulting in a total of 60 days. The defendant will not be responsible for the costs. The defendant shall remain at home from the hours of 9:00 p.m. until 6:00 a.m. the following day for the purposes of alcohol testing.

On August 18, 2007, the defendant did not return home for the 9:00 p.m. curfew. She indicated by telephone that she was stranded at her mother's residence in Ponemah, Minnesota. Several hours later, a [illegible] was

SCANNED
AUG 2 3 2007
U.S. DISTRICT COURT MPLS

made to contact the defendant at her mother's residence. A family member advised that the defendant went home. The defendant did not return to her residence until August 20, 2007.

PRAYING THAT THE COURT WILL ORDER That conditions of supervision be modified to include the following.

The defendant shall reside for a period of 90 days in a community corrections center as approved by the probation officer and shall observe the rules of that facility.

The previous Court Orders for a total of 60 days remote alcohol monitoring dated July 18, 2007, and August 2, 2007, are hereby vacated.

ORDER OF THE COURT

Considered and ordered this 23rd day of August, 2007, and ordered filed and made a part of the records in the above case.

Honorable David S. Doty
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Julie M. Belt for

Joan L. White
U.S. Probation Officer
Telephone: 218-333-0554

Executed on August 22, 2007
Place Bemidji

Approved:

Julie M. Belt

Julie M. Belt
Supervising U.S. Probation Officer

c: United States Sentencing Commission